UNITED STATES BANKRUPTCY COURT

NORTHERN DISTRICT OF CALIFORNIA

In re

SANMILL PACIFIC, INC.,  No. 05-12757

                     Debtor(s).
_____/

TIMOTHY W. HOFFMAN, Trustee,

                     Plaintiff(s),

        v.   A.P. No. 08-1092

KENDRA RETALLICK, et al.,

                     Defendant(s).
_____/

Memorandum on Motion to Dismiss
_____

      The complaint alleges that in 2002 Sanmill Pacific, Inc., purchased the real property at 4519 Dry Creek Road in Napa. It further alleges that in 2003 defendant Kendra Retallick executed and recorded a deed purporting to convey title to the property from Sanmill to its sole officer and shareholder, Virginia Sanborn. Sanmill filed a Chapter 11 petition in 2005 and plaintiff Timothy Hoffman was appointed trustee when it converted to Chapter 7 in 2007.

      The complaint alleges that the 2003 deed was never effective to transfer the property, so it is still owned by the Sanmill estate. It further alleges that the deeds of trust given to defendants Chase Bank and Washington Mutual Bank in 2007 are void because they were not granted by the Sanmill estate. Hoffman

1

seeks a judicial declaration that the property belongs to the Sanmill estate and judgment quieting title in his favor. Chase Bank's motion to dismiss the complaint pursuant to FRCP 12(b)(6) is now before the court. Chase argues that the complaint is barred by the applicable statute of limitations.

The court begins by noting that limitation issues are normally raised before trial by summary judgment motion. They may be raised by motion to dismiss only when all the relevant dates are in the pleadings. 27A **Fed.Proc.L.Ed**., Pleadings and Motions § 62:471; *Bethel v. Jendoco Const. Corp*., 570 F.2d 1168, 1174 (3d Cir.1978).

In this case, defendant Chase Bank has decided that the "essence" of the complaint is slander of title, which has a three-year statute of limitations. It seeks dismissal on this ground alone.

The court first notes that according to the complaint Chase's deed of trust was recorded in 2007, so that the statute of limitations defense is not available to Chase. Chase's real argument is that it is too late for Hoffman to contest the validity of the 2003 deed. Since the validity of the Chase deed of trust is (or may be) tied to that deed, Chase argues there can be no claim against it if it is too late to challenge the 2003 deed.[1]

The answer, of course, is that Chase has confused the tort of slander of title with the statutory right to quiet title pursuant to California Code of Civil Procedure § 760.010 et seq. They are not the same thing. 53 **Cal.Jur.3d**, Quieting Title, § 7. Quiet title actions are equitable in nature; the doctrine of laches applies to bar late- asserted claims. *Id* at § 21. To the extent there is a statute of limitations, it is probably Cal. Civ. Proc. Code § 343.[2]

For the foregoing reasons, the court concludes that the three-year statute of limitations cited by Chase does not apply to this adversary proceeding. Accordingly, its motion to dismiss will be denied. Counsel for

---

[1] Counsel indicated at argument that the court was less than fully learned in the law by not immediately jumping to the conclusion that the Chase and WaMu deeds of trust rise or fall with the 2003 deed.. Nonetheless, the court would rather be considered a dunce than jump to a conclusion.

[2] Plaintiff makes a strong argument that the limitations period does not begin to run until discovery. Also, Bankruptcy Code § 108 may have some effect. The court makes no ruling on these issues at this time, as they may be moot or may involve factual disputes outside the pleadings.

2

1 plaintiff shall submit an appropriate form of order.

2

3 Dated: November 24, 2008

```
                                        _____
                                        Alan Jaroslovsky
                                        U.S. Bankruptcy Judge
```

3