Entered on Docket
December 29, 2008
GLORIA L. FRANKLIN, CLERK
U.S BANKRUPTCY COURT
NORTHERN DISTRICT OF CALIFORNIA

UNITED STATES BANKRUPTCY COURT

NORTHERN DISTRICT OF CALIFORNIA

In re

SANMILL PACIFIC, INC.,　　　　　　　　　　　　　　No. 05-12757

　　　　　　　　　Debtor(s).
_____/

TIMOTHY W. HOFFMAN, Trustee,

　　　　　　　　　Plaintiff(s),

　　　v.　　　　　　　　　　　　　　　　　　　A.P. No. 08-1092

KENDRA RETALLICK, et al.,

　　　　　　　　　Defendant(s).
_____/

Memorandum on Motion for Summary Judgment
_____

　　　The complaint alleges that in 2002 Sanmill Pacific, Inc., purchased the real property at 4519 Dry Creek Road in Napa. It further alleges that in 2003 defendant Kendra Retallick executed and recorded a deed purporting to convey title to the property from Sanmill to its sole officer and shareholder, Virginia Sanborn, without consideration. Sanmill filed a Chapter 11 petition in 2005 and plaintiff Timothy Hoffman was appointed trustee when it converted to Chapter 7 in 2007.

1

The complaint alleges that the 2003 deed was never effective to transfer the property, so it is still owned by the Sanmill estate. It further alleges that the deeds of trust given to defendants Chase Bank and Washington Mutual Bank in 2007 are void because they were not granted by the Sanmill estate. Hoffman seeks a judicial declaration that the property belongs to the Sanmill estate and judgment quieting title in his favor. His motion for summary judgment is now before the court.

The documents filed in opposition to the motion certainly create a triable issue of fact as to whether Retallick was authorized to sign the deed or that Sanmill is deemed to have ratified the transfer which, at least for purposes of defeating a summary judgment motion, was for full and fair consideration. The declaration of attorney Donald Mah states that Sanborn told him she had given Retallick a power of attorney and specifically authorized her to sign the deed on her behalf. The declaration of Joe Sanchez establishes that Sanborn personally signed the note, deed of trust and escrow instructions, demonstrating that Sanborn was fully aware of the transaction.

Hoffman objects to the Mah and Sanchez declarations as hearsay. However, to the extent they contain hearsay the declarations appear admissible under Rule 807 of the Federal Rules of Evidence. They are offered as evidence of a material fact, and are the best evidence available as to the authorization of Retallick to sign the deed since Sanborn is now deceased. The general purposes of the rules of evidence and the interests of justice will best be served by admission, since it appears from other evidence that the Sanmill estate would receive a windfall if the deed is voided. Moreover, both Mah and Sanchez are licensed professionals who are not likely to place their livelihoods in jeopardy by lying to the court.[1] While the court may change its mind at trial if other factors come to light which cast doubt upon the veracity of Mah and Sanchez, for purposes of summary adjudication the objections to their declarations are overruled.

Since the court finds, for purposes of summary adjudication, that the transfer was for full and fair consideration and that Sanborn knew about the transfer, authorized it, and wanted Retallick to sign the deed

---

[1] Moreover, Sanborn would certainly corroborate the testimony of Mah and Sanchez if she could do so from beyond the grave; the only credibility in question is that of Mah and Sanchez themselves. Hoffman is therefore not deprived of any meaningful right to confront a witness if the court listens to Mah and Sanchez.

2

for her, the only issue of law for the court to decide is whether the deed is void because at the time Retallick signed it she had no written authorization to do so.

The court concludes that Hoffman is not entitled to summary judgment for three reasons. First, there is a triable issue of fact as to whether the "amanuensis rule" applies. See *Estate of Stephens*, 28 Cal.4th 665, 677-78 (2002).

Second, there is a triable issue of fact as to whether Sanborn ratified the transfer. Sanchez' testimony is that Sanborn actually signed the note and deed of trust. If his testimony is to be believed, the note and deed of trust were part of the sale of the property from Sanmill to Sanborn. Pursuant to California Civil Code § 2311, ratification of part of an indivisible transaction is a ratification of the whole. There appears to be no reason why Sanborn, who according to declarations fully understood the transaction and was "sharp as a tack," would personally sign the note and deed of trust unless she understood that as part of the transaction she was acquiring title to the property.[2]

Hoffman's summary dismissal of all ratification arguments as being contrary to Civil Code § 2313 is not justified by the evidence. There is no evidence that the transfer of the property to Sanborn was in any way unfair to corporation. Contrary to the complaint, it appears that the transfer was pursuant to a sale for full and fair consideration. If the court so finds at trial, then § 2313 is inapplicable. While ratification may not work to injury of a third person, failure to enjoy a windfall is not an injury.

Third, if the corporation received full and fair consideration then Hoffman is estopped from arguing on behalf of its estate that the transfer instrument is defective. *Blackmore Inv. Co. v. Johnson,* 213 Cal. 148, 150 (1931).

The court notes that there was no countermotion for summary judgment filed by defendants, nor is

---

[2]Hoffman further responds to the ratification issue with the unsupported argument that acts in Sanborn's personal capacity cannot ratify a transfer by the corporation. The court does not see why this is so. Sanborn was the corporation's sole officer shareholder. Her signature or that of an authorized agent was required as both buyer and seller. The proper question seems to be whether, in any capacity, she did an act which confirmed her intent to transfer the property.

3

there a pending motion to strike the jury demand. The court accordingly finds it inappropriate to address limitations or jury issues at this time.

For the foregoing reasons, Hoffman's motion for summary judgment will be denied. Any party may submit an appropriate form of order.

Dated: December 29, 2008

Alan Jaroslovsky
U.S. Bankruptcy Judge