UNITED STATES BANKRUPTCY COURT

NORTHERN DISTRICT OF CALIFORNIA

In re

SANMILL PACIFIC, INC.,                                No. 05-12757

                         Debtor(s).
_____/

TIMOTHY W. HOFFMAN, Trustee,

                         Plaintiff(s),

                   v.                                A.P. No. 08-1092

KENDRA RETALLICK, et al.,

                       Defendant(s).
_____/

Memorandum on Motion for Protective Order
_____

       The complaint in this adversary proceeding alleges that in 2002 Sanmill Pacific, Inc., purchased the real property at 4519 Dry Creek Road in Napa. It further alleges that in 2003 defendant Kendra Retallick executed and recorded a deed purporting to convey title to the property from Sanmill to its sole officer and shareholder, Virginia Sanborn, without consideration. Sanmill filed a Chapter 11 petition in 2005 and plaintiff Timothy Hoffman was appointed trustee when it converted to Chapter

1

7 in 2007.

The complaint alleges that the 2003 deed was never effective to transfer the property, so it is still owned by the Sanmill estate. It further alleges that the deeds of trust given to defendants Chase Bank and Washington Mutual Bank in 2007 are void because they were not granted by the Sanmill estate. Hoffman seeks a judicial declaration that the property belongs to the Sanmill estate and judgment quieting title in his favor.

Hoffman has served a request for production of documents on Chase Bank, seeking copies of its files on its loan to Retallick relating to the Dry Creek property and copies of her checks and checks of others on her behalf tendered as payment on the Dry Creek property loan. The request seems perfectly ordinary, yet the Bank and Retallick herself vigorously oppose the request on grounds that it violates Retallick's right of privacy. Their request for a protective order is now before the court.

Every once in a while, the court is thrown by a legal argument which seems contrary to the court's basic understanding of the law. This causes the court to question its basic assumptions, which is probably a good thing. It also causes the court to question whether advancing years are diminishing its abilities, which is not so good. Fortunately, the court is reasonably sure after reviewing the law that retirement may be put off a few more years.

Citing some California cases and some secondary authorities with which the court is not familiar, Retallick asserts that the law in discovery matters is that the right of privacy explicitly protects relevant information from disclosure. The court rejects this position, which appears to be based on litigation over privacy rights themselves, not discovery. The court believes that the law is properly stated in 10 **Fed.Proc.L.Ed**., Discovery and Depositions, § 26:100:

> That discovery may invade an individual's privacy rights does not, by itself, make the discovery objectionable. However, the court may take the concerned individuals' privacy interests into consideration in determining whether a discovery request is oppressive or unreasonable.

In this case, Hoffman has asked only for the Bank's files relating to the loan on the Dry Creek property and copies of any checks tendered as payment on the loan. There is nothing burdensome,

2

oppressive or unreasonable in this request, which is both narrow and reasonably calculated to lead to the discovery of admissible evidence. Accordingly, the request for a protective order will be denied and the Bank shall be ordered to comply with the request for production of documents. Counsel for Hoffman shall submit an appropriate form of order.

Dated: June 1, 2009

Alan Jaroslovsky
U.S. Bankruptcy Judge

3

Case: 08-01092    Doc# 93    Filed: 06/01/09    Entered: 06/01/09 10:54:27    Page 3 of 3