UNITED STATES BANKRUPTCY COURT

NORTHERN DISTRICT OF CALIFORNIA

In re

SANMILL PACIFIC, INC.,                                    No. 05-12757

                      Debtor(s).
_____/

TIMOTHY W. HOFFMAN, Trustee,

                      Plaintiff(s),

        v.                                                      A.P. No. 08-1092

KENDRA RETALLICK, et al.,

                      Defendant(s).
_____/

Memorandum on JP Morgan Chase Motion for Summary Judgment
_____

       The real property which is the subject of this adversary proceeding was conveyed out of the debtor's name by a deed which is both patently and presumptively invalid because it was signed by an attorney in fact when no power attorney was of record and the signer was an interested amanuensis. JP Morgan Chase Bank seeks summary judgment as a bona fide encumbrancer without notice, but the defect in the conveyance is a matter of public record. The Bank accordingly had constructive notice of

1

1  Retallick's lack of authority to execute the deed, which defeats its claim to be a bona fide

2  encumbrancer without notice.  See *Leach v. Home Savings & Loan Assn.* 185 Cal.App.3d 1295, 1301

3  (1986)[actual or constructive knowledge defeats claim to bona fide encumbrancer status].

4  Accordingly, the Bank cannot be a bona fide encumbrancer without notice.

5      The court finds its estoppel argument unpersuasive, as there are very different requirements for

6  accepting title and transferring title and the validity of the debtor's acquisition of title is not an issue in

7  this adversary proceeding.

8      For the foregoing reasons, the motion of JP Morgan Chase Bank for summary judgment will be

9  denied.  Any party may submit an appropriate form of order.

10

11  Dated:  August 28, 2009

12

13

14  Alan Jaroslovsky
    U.S. Bankruptcy Judge

15

16

17

18

19

20

21

22

23

24

25

26

2