UNITED STATES BANKRUPTCY COURT

NORTHERN DISTRICT OF CALIFORNIA

In re

SANMILL PACIFIC, INC.,                                  No. 05-12757

                Debtor(s).
_____/

TIMOTHY W. HOFFMAN, Trustee,

                Plaintiff(s),

    v.                                                  A.P. No. 08-1092

KENDRA RETALLICK, et al.,

                Defendant(s).
_____/

Memorandum After Trial
_____

        Plaintiff Timothy Hoffman is the Chapter 7 trustee of the bankruptcy estate of debtor Sanmill Pacific, Inc., which filed a Chapter 11 petition in 2005 and converted to Chapter 7 in 2007. By this adversary proceeding, he seeks a declaration that the bankruptcy estate is the owner of the single family residence at 4519 Dry Creek Road in Napa, California. The property was deeded to Virginia Sanborn, the sole shareholder, officer and director of the debtor, in 2003. Hoffman alleges that the deed was defective and therefore the property belongs to the bankruptcy estate. Not only does he seek a declaration that he owns the property, but he also seeks a declaration that the liens of two lenders,

1

defendants, Chase Bank and Washington Mutual Bank, securing loans made to Sanborn's successors in interest, are void.

Sanmill was in the business of real estate development. It purchased the real property in 2002 and build the residence on it. In order to obtain long-term financing to pay off the construction loan, Sanborn decided to transfer title from the corporation to herself. The purchase price was $1,060,000.00, consisting of cash from a new loan made by Sanborn of $864,000.00 and a her note to the corporation for $162,000.00. The property was worth about $1.35 million at the time. Since the transfer to Sanborn was without a commission, it was the equivalent of a sale for about $1.12 million. There was absolutely no intent to "loot" the corporation. Quite the contrary, when Sanborn refinanced the property some months later, she put $400,000.00 of the proceeds back into the corporation.

In 2006, Sanborn deeded the property to her living trust. She died later that year. In 2007, the trustee of the trust, Sanborn's daughter-in-law Kendra Retallick, deeded the property to herself. There is no suggestion that these transfers were in any way improper.

It is important for the court to make two important points early in its analysis. First, the relief Hoffman seeks is grossly inequitable. If he were to succeed, he would establish ownership of the property, worth well over $1 million, free and clear of all liens, when the most Sanmill could have recovered if the property was sold to a third party was around $200,000.00.

Second, and far more important, this is not a fraudulent conveyance action. None of the trustee's avoiding powers under the Bankruptcy Code have been pleaded or proved. The action is based solely on the estate's rights under § 541(a)(1) of the Code, with Hoffman stepping into the shoes of the debtor. Hoffman can only prevail if, on the date of the bankruptcy filing, the corporation had the right to recover the property under California law. It had no such right.[1]

---

[1] While it was not pleaded, the court notes that Hoffman cannot exercise the rights of a bona fide purchaser for value given to him by § 544(a)(3) of the Code because Retallick lived on the property when the bankruptcy was filed, thereby providing him with notice of her rights in it. *In re Probasco,* 839 F.2d 1352, 1354 (9th Cir. 1988).

2

Hoffman's argument is based on a single undisputed fact: the deed from Sanmill to Sanborn is defective. Sanborn had ceded all control over Sanmill to Retallick, who (through ignorance, not deceit) was in the habit of signing Sanborn's name willy-nilly without noting the fact that she was acting under a power of attorney. Worse, the title officer handling the escrow evidently assumed that a proper power of attorney authorizing Retallick to execute deeds for Sanmill had been recorded. Special powers of attorney had been recorded in two other counties, limited to transactions in those counties. However, no power of attorney authorizing Retallick to sign for Sanmill was recorded in Napa County where the Dry Creek property was located. Thus, the deed from Sanmill to Sanborn (again, its sole officer and shareholder) was defective.

The court notes that this point that there is absolutely no evidence, or even a hint of evidence, that anything was happening without Sanborn's full knowledge and agreement. Sanborn had retired to Washington State, and knowingly left Retallick in full charge of all her affairs in California. They were in frequent contact, and Sanborn was fully informed as to what was being done. In addition, the new lender providing the purchase money financing insisted that Sanborn actually sign the loan documents herself rather that allow Retallick to sign under a power of attorney, so the loan documents were sent to Sanborn in Washington, actually signed by her, duly notarized, and returned.

Hoffman's legal argument is based on California Civil Code § 1091, which requires that real property can only be transferred by operation of law or by deed. The court does not find this argument anywhere near persuasive, as the court has the power to make defective transfers right. Cal.C.C.P. § 1972.

It is true that the deed from Sanmill to Sanborn was defective, due to an honest mistake which was seemingly harmless, since the transfer was from a corporation to its sole shareholder and therefore intent is manifest. However, just because the deed was defective does not, as Hoffman argues, mean that the corporation still owns the property (and free and clear, yet). Transfer can be made effective by operation of law. "If a person who has agreed to transfer property has not subscribed his or her name to a written instrument, the property may be transferred by the creation of a constructive or

3

involuntary trust." 3 **California Real Estate L & P**, Deeds and Recording, § 80.02.  The equitable result here is a declaration that after close of the escrow the corporation held legal title only, subject to a constructive trust in favor of Sanborn, not the forfeiture and windfall Hoffman seeks.  Where evidence of intent to transfer is clear and convincing, and the transferor has allowed the transferee to rely on the transfer, a court may give effect to a defective transfer and lend its assistance to perfection of the transferee's title.  *Kennedy v. Scally,* 62 Cal.App. 367, 374, 217 P. 96 (1923).

Moreover, the equitable doctrines of laches and estoppel are applicable here.  A transferor cannot make a defective transfer, wait five years (all the while knowing that third parties are making loans to the transferee) and then sue to get the property back.  Yet that is exactly what Hoffman is trying to do, and without even offering to return the consideration paid.[2]  Likewise, a transferor is estopped from accepting all of the benefits of a bargain and then repudiating it on grounds that he did not sign the transfer document.  *Blackmore Inv. Co. v. Johnson,* 213 Cal. 148, 150 (1931);  *Keller v. Richbart,* 130 Cal.App. 296, 20 P.2d 55 (1933).  Hoffman seems to forget that in this action he has no greater rights than those of the debtor corporation on the date it filed its petition and is therefore subject to all equitable arguments defendants could assert against the debtor.  *Bank of Marin v. England*, 385 U.S. 99, 101, 87 S.Ct. 274, 17 L.Ed.2d 197 (1966) ("The trustee succeeds only to such rights as the bankrupt possessed; and the trustee is subject to all claims and defenses which might have been asserted against the bankrupt but for the filing of the petition.").

For the foregoing reasons, Hoffman will take nothing by his complaint.  The court will decree that since November 6, 2003, Sanmill Pacific, Inc., has held only bare legal title to the real property at 4519 Dry Creek Road, Napa, California, subject to a constructive trust in favor of Virginia Sanborn

---

[2]The court also notes that under California law even when a deed is void the purported grantor may by his negligence or other misconduct be estopped to assert its invalidity against an innocent third person who parts with value in reliance on the instrument. 26 **Cal.Jur.3d**, Deeds, § 144; *Crittenden v. McCloud,* 106 Cal.App.2d 42, 50, 234 P.2d 642 (1951).  The delay in assertion of the corporation's rights is therefore fatal to Hoffman's claims against the banks.  To the extent the court got it wrong on the banks' motion for summary judgment, the court corrects itself now.

4

and her successors in interest. Hoffman will be ordered to deliver a properly executed grant deed to Kendra Retallick forthwith.

    This memorandum constitutes the court's findings and conclusions pursuant to FRCP 52(a) and FRBP 7052. Counsel for Retallick shall submit an appropriate form of judgment forthwith.

Dated: July 3, 2010

Alan Jaroslovsky
U.S. Bankruptcy Judge